[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff brings this action to recover damages resulting from a fall he suffered on December 22, 1991 at approximately 6:30 p. m. At the time he was an invitee of a tenant in a second floor apartment located at 27 Sargeant Street in Hartford. The defendants at that time were the owners of the multi-unit dwelling in question and were in CT Page 7495 control of the common halls and stairways where the plaintiff fell.
Mr. Tyson at the trial testified that, as was his custom, he had been visiting at the home of Denise Wilson, a tenant on the second floor. Upon leaving he had descended to about the third step down from the second floor when he fell and became injured. He stated that when he fell he lost his footing and his right foot became caught under the handrail, and he was caused to twist himself. Thereafter, he "shook it off" and, without notifying Miss Wilson, walked to his home on Collins Street. His left knee had become swollen. The next morning found him in severe pain resulting in a call for an ambulance and his removal to the Saint Francis Hospital emergency room. He was seen and treated there and discharged the same day with instructions to see a doctor, which he subsequently did.
The allegations of negligence by the plaintiff are as follows: (a) the stairway was slippery and worn; (b) that it was dark and inadequately lighted in violation of General Statutes 47a-7; and that the railings were worn, rotted and unsteady, also in violation of said Statute.
General Statute 47a-7 in its pertinent part states as follows:
 A landlord . . . shall make all repairs and do whatever is necessary to put and keep the premises in a fit and habitable condition . . ., and shall keep all common areas of the premises in a clean and safe condition.
The plaintiff's complaint alleges in part that the lighting and handrails were improper and as such were in violation of General Statute 47a-7. That Statute requires the landlord to "keep the premises in fit and habitable condition;" it also requires him to "keep all common areas of the premises in a . . . safe condition." If the plaintiff were an invitee, the defendants as owners assumed an obligation to have the premises in a safe condition and as owing to the plaintiff the duty of exercising reasonable care to have them safely maintained. Guilford v. Yale University, 128 Conn. 449,454.
Whether the plaintiff's remedy is governed by the CT Page 7496 Statute, 47a-7, or whether the remaining allegations of negligence are governed by the common law rule, as stated inGuilford v. Yale University, supra, it is concluded that the plaintiff may not recover on either basis.
The plaintiff and his witness testified that the lighting was always defective and a source of complaint; that the hand railings and treads were unsafe. These claims were largely refuted by the City of Hartford official charged with Building Code enforcement. He testified that from the year 1991 forward he had inspected the building; that he would go there upon complaints of a tenant; that there had not been any complaints about lighting, even though he had inspected there ten to twelve times; that the railings were somewhat worn and loose, but essentially sound. This testimony was in large measure supported by the two defendants and the building superintendent, Mrs. Lopez. These witnesses are deemed to be reliable.
In view of the law and the evidence, it is concluded that the plaintiff has failed to prove the material allegations of his complaint. Accordingly, judgment may enter in favor of the defendants.
John M. Alexander State Trial Referee